IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ARTHUR JAMES GRIFFIN JR., | ) | 8:18CV317 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| STATE OF NEBRASKA and | ) | |
| JAY D. POPPE, State Trooper, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Arthur James Griffin, Jr., a pretrial detainee at the Lancaster County Jail in Lincoln, Nebraska, filed his Complaint (Filing 1) on July 5, 2018, and was granted leave to proceed in forma pauperis on July 12, 2018 (Filing 9). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action seeking to recover damages from the State of Nebraska and a State Trooper, Jay D. Poppe. Plaintiff claims he was falsely arrested and imprisoned for trespassing on April 23, 2018. In support of this claim, he alleges "No Trespassing was not posted" on the property (Filing 1 at p. 5).

II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing Plaintiff's Complaint, he is claiming Defendants violated his Fourth Amendment rights.[1]

---

[1] "Because the Fourth Amendment provides an explicit textual source of constitutional protection against" unlawful arrests, seizures, and detentions, "that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims. *Graham v. Connor*, 490 U.S. 386, 395 (1989);

The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.,* *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Thus, Plaintiff's claims against the State of Nebraska must be dismissed.

Plaintiff does not specify whether he sues Defendant Poppe in his individual or official capacity. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g.,* *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is in reality a claim against the entity that employs the official. *See* *Parrish v. Luckie*, 963 F.2d 201, 203 n. 1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.... A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") Because Defendant Poppe is employed by the State of Nebraska, no official capacity-suit for damages can be maintained.

Although Defendant Poppe would not be immune from suit in his individual capacity, such an action may be barred by the rule that in order "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that

---

*Hawkins v. Gage Cty.*, No. 4:13CV3009, 2013 WL 12073803, at *11 (D. Neb. Sept. 3, 2013), aff'd, 759 F.3d 951 (8th Cir. 2014).

has not been so invalidated is not cognizable under § 1983." *Id.* at 87. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Plaintiff's Complaint does not indicate that he was convicted of trespassing, or, for that matter, even charged with the offense, but in a habeas action filed in this court on May 24, 2018 (Case No. 8:18CV229), Plaintiff stated that he was convicted of "criminal trespass, 2nd degree" on May 22, 2018. If this information is correct, and if such conviction stemmed from the allegedly unlawful arrest that is at issue in the present action, then Plaintiff cannot bring a § 1983 individual-capacity claim against Defendant Poppe unless and until Plaintiff's conviction is invalidated.

Because Plaintiff is alleging that he did not commit the crime of trespassing, inasmuch as the property was not posted "No Trespassing," a judgment in favor of Plaintiff on his claims of false arrest and imprisonment would necessarily imply that his conviction was invalid. Thus, Plaintiff's claims would be *Heck*-barred given the adverse outcome of the state criminal case. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (*Heck* barred claims that police officers lacked probable cause for arrest and brought unfounded criminal charges) (cited with approval in *Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010), and *Sanders v. Fayetteville City Police Dep't*, 160 F. App'x 542, 543 (8th Cir. 2005)).

If, in fact, Plaintiff does not stand convicted of criminal trespass as a result of his arrest on April 23, 2018, he will be permitted to file an Amended Complaint against Defendant Poppe in his individual capacity only.[2] In the Amended Complaint,

---

[2] "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments."

however, Plaintiff should explain the status of any criminal charges filed against him regarding the alleged trespass. In addition, Plaintiff should set forth all pertinent facts pertaining to his claims of false arrest and imprisonment. For example, Plaintiff should state whether he was merely issued a citation or was physically arrested, and if Plaintiff was detained following an arrest, should describe where he was held and for how long. He should also include all known facts showing that Defendant Poppe acted without probable cause in making an arrest.

Finally, Plaintiff has filed three motions, each of which will be denied without prejudice. First, Plaintiff has filed a Motion for Exemption from PACER Fees (Filing 8). Plaintiff has not shown any need for such an exemption. Second, Plaintiff has filed a Motion for Writ of Mandamus (Filing 9). The court cannot determine what relief Plaintiff is requesting, as he merely references a "demurrer in pending cases" and "motion to quash and summary judgment proceeding." And, third, Plaintiff has filed a Motion to Amend (Filing 12), based on unspecified "newly discovered evidence." Plaintiff provides no indication as to the nature of the proposed amendment.

## IV. CONCLUSION

The State of Nebraska and Defendant Poppe in his official capacity are immune from suit under the Eleventh Amendment. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A. It also appears that

---

*Hannah v. City of Overland*, 795 F.2d 1385, 1389 (8th Cir.1986). "An officer has probable cause to arrest a suspect without a warrant if the 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)); *see also Anderson v. Franklin Cty.*, 192 F.3d 1125, 1132 (8th Cir. 1999) (holding that officers who had probable cause to arrest could not be found liable on Fourth Amendment false imprisonment claim).

Plaintiff's claims, if alleged against Defendant Poppe in his individual capacity, may be *Heck*-barred. Out of an abundance of caution, however, the court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief against Defendant Poppe in his individual capacity.

IT IS THEREFORE ORDERED:

1. The State of Nebraska and Jay D. Poppe, in his official capacity, are dismissed as parties Defendant.

2. Plaintiff has 30 days in which to file an Amended Complaint that states a claim upon which for relief can be granted against Jay D. Poppe, in his individual capacity only.

3. Plaintiff's Motion for Exemption from PACER Fees (Filing 8) is denied without prejudice.

4. Plaintiff's Motion for Writ of Mandamus (Filing 9) is denied without prejudice.

5. Plaintiff's Motion to Amend (Filing 12) is denied without prejudice.

6. The clerk of the court is directed to set a pro se case management deadline in this case: September 4, 2018: check for amended complaint.

DATED this 2nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge